**In re Brent Erik TOZER, Debtor.**

No. 06–12549.

United States Bankruptcy Court,
W.D. Wisconsin.

June 9, 2008.

Daniel R. Freund, Eau Claire, WI, for Debtor.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

A chapter 13 plan was confirmed in this case in February, 2007. The debtor's ex-attorney, Daniel Freund, applied for supplemental compensation for legal services rendered. The application was approved. Mr. Freund also sought to amend the debtor's chapter 13 plan under 11 U.S.C. § 1329(a) to extend payments by six additional months (from 48 to 54 months) to account for the additional fees. The trustee argued that this was an impermissible use of § 1329(a). The issue was taken under advisement.

> At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; (2) extend or reduce the time for such payments; . . . .

11 U.S.C. § 1329(a).

In some courts, modification of a plan under § 1329 is available only if there has been a change in financial circumstance of the debtor. *E.g., In re Arnold,* 869 F.2d 240 (4th Cir.1989); *see also In re Witkowski,* 16 F.3d 739, n. 5 (7th Cir.1994) (listing cases holding that "a modification under § 1329 is appropriate only upon proof of a 'change in circumstance' "). This threshold requirement was considered and rejected in *In re Witkowski,* 16 F.3d 739.

In *Witkowski,* the court approved a plan which provided that creditors would re-

ceive a certain percentage of their claim, instead of a fixed monthly payment. When the claims filed amounted to less than was anticipated, the trustee sought to increase the percentage repayment on the filed claims. The debtor opposed the modification, noting that many courts impose a threshold requirement of an unanticipated change in circumstances under § 1329. The Court of Appeals for the Seventh Circuit rejected the argument. "[T]he clear and unambiguous language of § 1329 negates any threshold change in circumstances requirement and clearly demonstrates that the doctrine of res judicata does not apply." *Id.* at 746.

 Although the Court rejected the threshold requirement, it held that modification under § 1329 was subject to § 1329(c),[1] and consequently, the plan could be lengthened only "for cause." § 1329(c) states, "A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period." The Court also noted that "Whether the modification will be granted is within the bankruptcy court's discretion." The Court upheld the bankruptcy judge's determination that cause existed under § 1329(c) "so [the debtor] could provide a meaningful dividend to general unsecured creditors." *Id.* at 747. The Court affirmed the modification of the plan.

Here, Mr. Freund is a "holder of an allowed, unsecured claim," thus, he may move to "extend ... the time for [chapter 13 plan] payments." § 1329(a)(2). Mr.

Freund's claim is an administrative claim—a claim which Congress has given high priority. *See* § 1326(b)(1), 507(a)(2), 503(b)(4). Thus, cause exists to modify the plan under § 1329(a), so that the debtor can pay this administrative expense.

It may be so ordered.

### ORDER

The Court having reached the conclusions of law contained in the memorandum decision filed this date, it is ORDERED that the amendment to the chapter 13 payment plan is hereby APPROVED.

---

1. The modification must also meet the general requirements in §§ 1322, 1323, and 1325. *Id.* These sections are not in issue here.